**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| NARENDRA KUMAR,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 13-70456<br><br>Agency No. A200-230-390<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Narendra Kumar, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT"). Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies in the record regarding the city Kumar lived in, and who attacked him in 2009, and based on Kumar's evasive testimony. *See id.* at 1048 (adverse credibility determination was reasonable under the totality of circumstances). We reject Kumar's contention that the inconsistencies were trivial. Further, Kumar's explanations do not compel the opposite result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We lack jurisdiction to consider Kumar's contentions regarding interpretation problems at his hearing. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over issues not raised in administrative proceedings below). In the absence of credible testimony, Kumar's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence supports the agency's denial of Kumar's CAT claim because, even if credible, Kumar failed to establish that it is more likely than

13-70456

not he would be tortured by or with the consent or acquiescence of the Indian government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1074 (9th Cir. 2008). The record does not support Kumar's contention that the IJ ignored evidence.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**